## Roy Creamer *vs.* Samuel H. Lott.

### Kennebec.    Opinion November 10, 1924.

*As a condition precedent to the right of an employer, under the Workmen's Compensation Act, to recover damages against another person, by subrogation, is that the injured employee has claimed compensation and that it has been awarded under the act, and the employer has paid the compensation or become liable therefor.*

In this case there is no proof of an award, and the proof that the employer did in fact pay compensation whether voluntarily or not, falls short of the necessary conditions precedent under which the action may be maintained.

On exceptions and motions.    This action arose from an automobile accident.    Roy Creamer, while in the employ of one Arborio who was constructing a new state highway between Belgrade and Augusta, was injured by coming in contact with an automobile owned and operated by the defendant on said highway.    Said Creamer at the time of the accident was on foot, just having alighted from a truck, and running around the rear of the truck desiring to cross the highway to get a shovel and in so doing came in contact with the side of the car of defendant which was passing the truck at a standstill on the right side of the road, heading in the opposite way from the direction which defendant was driving on the right side of the road.    The injured employee had made a claim for compensation under the Workmen's Compensation Act, but compensation had not been awarded prior to the bringing of this action.    The action though in the name of the injured employee was really brought by the insurance carrier to recover damages of defendant by right of subrogation.    At the close of the evidence counsel for defendant moved for a directed verdict for defendant on the ground that no award under the Workmen's Compensation Act had been showed and that therefore no right of subrogation existed in the employer or his insurance carrier. The motion was denied and defendant entered exceptions, and a verdict for plaintiff of $1,364.75 was rendered.    Defendant filed a

general motion for a new trial and also a motion for new trial on newly-discovered evidence.    Exceptions sustained.    Motions not considered.

The case is stated in the opinion.

*Hinckley & Hinckley and James H. Thorne,* for plaintiff.

*Bradley, Linnell & Jones,* for defendant.

SITTING:  CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

PHILBROOK, J.  This case is before us upon defendant's general motion to set aside a verdict in favor of the plaintiff, motion for new trial upon the ground of newly-discovered evidence, and exceptions. It is unnecessary to consider either motion.  The exceptions must be sustained.

The action is brought under Public Laws, 1919, Chap. 238, Sec. 26, as amended by Chapter 238 of the Public Laws of 1921, a section from the Workman's Compensation Act.  The precise section now reads:

"When any injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim compensation under this act or obtain damages from or proceed at law against such other person to recover damages; and if compensation is claimed and awarded under this act, any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the injured employee to recover against that person, provided, if the employer shall recover from such other person damages in excess of the compensation already paid or awarded to be paid under this act, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action."

The basis upon which subrogation rests, in this statutory right of action, and a condition precedent to instituting suit thereon, is that compensation be claimed and awarded under the act.  It is only when the injured employee claims compensation under the act, and the same is awarded, and the employer has paid the compensation or has become liable therefor, that the employer succeeds to the rights

of the injured employee to recover damages against the other person. *Donahue* v. *Thorndike & Hix Inc.*, 119 Maine, 20.

There is no proof of award. Proof that the employer did in fact pay compensation whether voluntarily or not, falls short of the necessary condition precedent under which this action may be maintained. The refusal of the court below in refusing to direct a verdict for the defendant on the ground ''that no award under the Workman's Compensation Act had been shown and that therefore no right of subrogation existed in the employer or his insurance carrier'' was error.

*Exceptions sustained.*
*Motions not considered.*